# **EXHIBIT 5**

## DECLARATION OF ALEXIS RUIZ, ESQ.

I, Alexis Ruiz, Esq., hereby declare under the penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I make this declaration based on my personal knowledge except where I have indicated otherwise. If called as a witness, I could and would testify competently and truthfully to these matters.

2. I am a partner at Zambrano and Ruiz, LLC, an immigration law partnership based in Atlanta, GA. I represent individuals in removal proceedings before the Executive Office for Immigration Review (EOIR), including individuals detained at Irwin County Detention Center ("ICDC") in Ocilla, GA.

3. I last visited ICDC on March 22, 2020 to meet with clients. In advance of my visit, I called ahead to ask if any personal protective equipment ("PPE") was required for legal visitation. The officer with whom I spoke informed me that nothing was required. As I typically do, I arrived at the detention center with the names and identification numbers for the clients who I planned to meet with. To enter ICDC, a person enters one door and must wait for it to lock before the second door opens. It is possible to be waiting in the middle of the doors in close proximity to one or multiple other people. I brought a mask and gloves from Atlanta in case they were required, but I left them in my car. The officer at the

1

front desk did not require me to bring or use any PPE. There was a hand sanitizer dispenser near the front desk that I used, although this was not required either.

4. The only thing that was different than usual was that after I walked through the metal detector, an offer asked me to respond to a series of about six pre-printed screening questions regarding whether I had symptoms of COVID-19 or had traveled to high-risk areas; she then put on gloves and took my temperature with a thermometer that scanned my forehead. After that, she took off her gloves and went back into the detainee area to find my clients. When she came back, she led me back into the visitation area to meet with my clients.

5. The visitation area at ICDC is an open room; the legal visitation room is through a door off the main room. The attorney entrance leads to a small area separated from the detainee area by a plexiglass partition. The partition has a metal grate to speak through and a small slot, no taller than the thickness of a pen. Normally, I speak with my clients through the metal grate, but on March 22, I opted to use the telephone on the wall due to concerns about transmitting germs through the grate. There was no hand sanitizer in the attorney visitation room even though legal visits often involve passing documents back and forth for review and signature, and passing pens back and forth.

6. Although I have not personally visited the housing units at Irwin, my client has given me a sketch that she states is an accurate depiction of the housing units. I am attaching the sketch as Exhibit A to this declaration.

7. I did not see any officers at ICDC wearing PPE other than the officer who put on gloves before taking my temperature.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3 day of April, 2020 in Atlanta, GA.

_____

Alexis Ruiz

3

