# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JOSEPH LLOYD THOMPSON, et al.,

     Petitioners/Plaintiffs,

     v.

JOHN TSOUKARIS, et al.,

     Respondents/Defendants.

Case No.: 20-cv-1449-SDG

# THE DOE PETITIONERS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER <u>PSEUDONYMS AND FOR A PROTECTIVE ORDER</u>

# TABLE OF CONTENTS

<u>**Page**</u>

I.  INTRODUCTION ............................................................................1

II.  ARGUMENT AND CITATION TO AUTHORITIES ...................................2

    A.  Disclosure of the Doe Petitioners' Identities Would Expose
        Them and Their Families to Serious Harm, Including Adverse
        Immigration Consequences, Harassment, Intimidation, Social
        Stigma, and Violence. ...........................................................................4

    B.  Disclosure of the Doe Petitioners' Identities Would Reveal
        Highly Sensitive Information Relating to the Doe Petitioners'
        Physical and Mental Health...................................................................9

    C.  Permitting the Doe Petitioners to Proceed Anonymously Will
        Not Harm the Public Interest in Open Proceedings. ...........................12

    D.  Permitting the Doe Petitioners to Proceed Anonymously Would
        Not Prejudice Defendants....................................................................14

III.  CONCLUSION..............................................................................15

US2008 16750828 1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.B.T. v. U.S. Citizenship & Immigration Servs.*,
No. 2:11-cv-02108, 2012 WL 2995064 (W.D. Wash. July 20,
2012) ..................................................................................................................6

*Al Otro Lado v. Nielsen*,
17-cv-02366-BAS-KSC, 2017 WL 6541446 (S.D. Cal. Dec. 20,
2017) ..................................................................................................................6

*Alexander v. Falk*,
No. 2:16-cv-02268-MMD-GWF, 2017 WL 3749573 (D. Nev. Aug.
30, 2017) ...........................................................................................................9

*vealed.") (cita*,
535 F.3d 243 (4th Cir. 2008) ...........................................................................7

*Doe v. Barrow County*,
219 F.R.D. 189 (N.D. Ga. 2003) ........................................................ 3, 13, 15

*Doe v. Colautti*,
592 F.2d 704 (3d Cir. 1979) ...........................................................................10

*Doe v. Frank*,
951 F.2d 320 (11th Cir. 1992) .......................................................................2, 3

*Doe v. Gonzales*,
484 F.3d 445 (7th Cir. 2007) ...........................................................................6

*Doe v. Hartford Life & Accident Ins. Co.*,
237 F.R.D. 545 (D.N.J. 2006)........................................................................10

*Doe v. Holder*,
736 F.3d 871 (9th Cir. 2013) ...........................................................................5

*Doe v. Penzato*,
No. CV10-5154 MEJ, 2011 WL 1833007 (N.D. Cal. May 13,
2011) ............................................................................................................9, 12

US2008 16750828 1

*Doe v. Sessions*,
　No. 18-0004, 2018 WL 4637014 (D.D.C. Sept. 27, 2018) ................................10

*Doe v. Stegall*,
　653 F.2d 180 (5th Cir. 1981) ............................................................. 2, 3, 13, 14

*Doe v. U.S. Immigration and Naturalization Servs.*,
　867 F.2d 285 (6th Cir. 1989) ................................................................................6

*First Professionals Ins. Co. v. Owen*,
　1:12-CV-419-RWS, 2013 WL 12100120 (N.D. Ga. Nov. 25, 2013) ...............10

*Friendly House v. Whiting*,
　No. 10-1061, Rec. Doc. 212 (D. Ariz. Filed June 21, 2010)...............................5

*Ga. Latino Alliance for Human Rights v. Deal*,
　No. 11-1804 (N.D. Ga., July 8, 2011) .................................................................5

*Hispanic Interest Coal. of Ala. v. Bentley*,
　No. 11-cv-2484 (N.D. Ala. filed Aug. 12, 2011) ...............................................5

*Hispanic Interest Coal. of Ala. v. Gov.of Ala. ("HICA")*,
　691 F.3d 1236 (11th Cir. 2012) .......................................................................4, 5

*Int'l Refugee Assistance Project v. Trump*,
　CV TDC-17-0361, 2017 WL 818255 (D. Md. Mar. 1, 2017)...........................14

*Jane Roes 1-2 v. SFBC Mgmt., LLC*,
　77 F. Supp. 3d 990 (N.D. Cal. 2015)..................................................................9

*Lozano v. Hazelton*,
　620 F.3d 170 (3d Cir. 2010) ...................................................................... 4, 5, 9

*Norman-Bloodsaw v. Lawrence Berkeley Lab.*,
　135 F.3d 1260 (9th Cir. 1998) ..........................................................................10

*OPIS Mgmt. Res., LLC v. Sec'y, Fla. Agency for Health Care Admin.*,
　713 F.3d 1291 (11th Cir. 2013) ........................................................................10

*Plaintiff B v. Francis*,
　631 F.3d 1310 (11th Cir. 2011) (Moody, J., concurring)...................................13

-iii-

*Roe v. Aware Woman Ctr. for Choic*e,
  253 F.3d 678 (11th Cir. 2001) ...........................................................................3

*U.S. v. Curran*,
  No. CR-06-227-PHX-EHC, 2006 WL 1159855, at \*5 (D. Ariz.
  May 2, 2006).......................................................................................................10

## Rules and Regulations

8 C.F.R. § 208.6 ........................................................................................................6

# I.   <u>INTRODUCTION</u>

Petitioners-Plaintiffs Jenner Benavides, David Fernandez, Sarai Hernandez, Tomas Hernandez, Gerardo Arriaga, Michael Robinson, Karen Lopez, and Peter Owusu (collectively, the "Doe Petitioners") respectfully request leave to proceed under pseudonyms and for a protective order requiring Respondents/Defendants to use of pseudonyms to identify them in all filings.   In this action, Petitioners-Plaintiffs (collectively, "Petitioners") seek immediate release from U.S. Immigration and Customs Enforcement ("ICE") detention centers to prevent potentially fatal consequences of contracting COVID-19 in the centers.   The Doe Petitioners request anonymity in this action on several independent grounds.   First, public disclosure of the Doe Petitioners' identities and participation in this action would likely expose them and their families to serious harm.   Specifically, because the Doe Petitioners faced persecution and violence in their home countries, they reasonably fear that they or their family members will be retaliated against, harassed, or physical harmed if their identities and personal stories are disclosed publicly.   Second, proceeding pseudonymously is necessary to protect the Doe Petitioners' privacy rights because their physical and mental health conditions are a principal issue in this case.   Third, this case turns on legal questions, not on the identities of any particular individuals.   Thus, the public's interest in open judicial

proceedings will not be affected if the Doe Petitioners are permitted to proceed anonymously. Finally, Respondents-Defendants will not suffer any prejudice if the Doe Petitioners are permitted to proceed anonymously because this case is against the government rather than private parties and turns solely on the constitutionality of detaining Petitioners during the COVID-19 Global Pandemic.

## II.    ARGUMENT AND CITATION TO AUTHORITIES

Although parties to a lawsuit are generally required to identify themselves in their pleadings, they may proceed under pseudonyms where they have "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 322-23 (11th Cir. 1992) (quoting *Doe v. Stegall,* 653 F.2d 180, 186 (5th Cir. 1981)).  There is no "rigid . . . test for the propriety of party anonymity." *Id.* at 323.  Instead, in determining whether a party may proceed anonymously, the court has wide discretion in "carefully review[ing] *all* the circumstances of a given case." *Id.* (emphasis in original).

Relevant factors include: whether the plaintiffs are challenging governmental activity, whether the litigants may be subjected to "social stigma" or "physical harm" as a result of the information disclosed, whether the issues involved are of a "highly sensitive and personal" nature, whether plaintiffs would

be admitting their intent to engage in illegal conduct thereby risking criminal prosecution, and whether anonymity would prejudice the defendants or harm the public. *Id.* at 323-24; *see also Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (anonymity warranted where plaintiffs faced "extensive harassment and perhaps even violent reprisals if their identities are disclosed to a . . . community hostile to the viewpoint reflected in plaintiffs' complaint"); *Roe v. Aware Woman Ctr. for Choic*e, 253 F.3d 678, 687 (11th Cir. 2001) (anonymity warranted in abortion case, where the abortion issue had elsewhere "led to death, injury, harassment, [and] fear . . ."); *Doe v. Barrow County*, 219 F.R.D. 189, 193-94 (N.D. Ga. 2003) (permitting plaintiff to proceed anonymously where revealing his identity would expose him to community disapproval and hostility).

As discussed below, the balance in this case weighs heavily in favor of each Doe Petitioner. Indeed, under similar circumstances, courts in this Circuit and across the country have allowed plaintiffs to proceed under pseudonyms because of the risk of retaliation against immigrants fleeing violence and persecution in their home countries, the climate of hostility surrounding immigration in the United States, and the fact that the plaintiffs' constitutional claims were of a purely legal nature against government defendants.

A. **Disclosure of the Doe Petitioners' Identities Would Expose Them and Their Families to Serious Harm, Including Adverse Immigration Consequences, Harassment, Intimidation, Social Stigma, and Violence.**

As the Eleventh Circuit has stated, "revealing the illegal status of [immigrants] could lead to criminal prosecution, harassment, and intimidation . . . It is this reality that has led federal courts—including the district court [in the underlying case]—to permit the plaintiffs to proceed anonymously in immigration-related cases." *See*, *e.g.*, *Hispanic Interest Coal. of Ala. v. Gov. of Ala. ("HICA")*, 691 F.3d 1236, 1247, 1247 n.8 (11th Cir. 2012) (collecting cases). In addition, where immigrant plaintiffs or their families are under or are at risk for deportation proceedings, revealing their identities exposes them and their families to serious adverse immigration consequences. Finally, because of the current hostility towards immigrants, anti-immigrant sentiment, and increased attacks against immigrants, merely identifying an individual's immigrant status can place him and his family at risk for serious harm. *See Lozano v. Hazelton*, 620 F.3d 170, 194-96 (3d Cir. 2010) ("[B]ecause of their unlawful status, [petitioners] would face an 'exponentially greater' risk of harassment, and . . . danger, if their identities were revealed.") (citation omitted), *vacated on other grounds*, 563 U.S. 1030 (2011).

Due to this "reality," courts in this Circuit and across the country regularly allow plaintiffs to proceed pseudonymously because immigration status is

sufficiently sensitive and personal in nature.  *See HICA*, 691 F.3d at 1247 n.8 (approving of the Northern District of Alabama's decision to permit the plaintiffs in an immigration-related case to proceed under pseudonyms); *see also* Order Granting Plaintiffs' Motion for Leave to Proceed Under Pseudonyms, *Ga. Latino Alliance for Human Rights v. Deal*, No. 11-cv-1804, Doc. 101 (N.D. Ga. filed June 2, 2011) (noting that the action was "a constitutional challenge to Georgia's new immigration law"); *Lozano*, 620 F.3d at 194-96 (3d Cir. 2010) (anonymity warranted where "ethnic tensions had escalated") (citation omitted); Order Granting Mot. to Proceed Under Pseudonyms, *Hispanic Interest Coal. of Ala. v. Bentley*, No. 11-cv-2484, Doc. 103 at 4-5  (N.D. Ala. filed Aug. 12, 2011) (finding "sufficient evidence of genuine threat of harassment and violence to the Doe plaintiffs and/or their families should their identities be revealed publicly" to outweigh presumption of openness in judicial proceedings); Order Granting Motion to Proceed Anonymously, *Friendly House v. Whiting*, No. 10-cv-1061, Doc. 212 (D. Ariz. filed June 21, 2010).

In particular, courts have allowed immigrant plaintiffs to proceed anonymously where they are seeking asylum and risk facing violence in their country of origin, as many of asylum-seekers often do.  *See, e.g.*, *Doe v. Holder*, 736 F.3d 871, 872 n.1 (9th Cir. 2013) (allowing pseudonyms because of fear of

US2008 16750828 1

"harassment, injury, retaliation and personal embarrassment" both in the United States and Russia); *Doe v. Gonzales*, 484 F.3d 445, 446 (7th Cir. 2007) (permitting the plaintiff to proceed under a pseudonym "because of [plaintiff's] fear that if he is returned to El Salvador he will be killed"); *Doe v. I.N.S.*, 867 F.2d 285, 286 n.1 (6th Cir. 1989) (noting the petitioner's anonymity was warranted "to protect [his] family . . . from possible reprisals"); *Al Otro Lado v. Nielsen*, 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *3-6 (S.D. Cal. Dec. 20, 2017) (granting asylum-seekers' motion to proceed anonymously because "they remain in fear for their lives and that of their families"); *A.B.T. v. U.S. Citizenship & Immigration Servs.*, No. 2:11-cv-02108, 2012 WL 2995064, at *3 (W.D. Wash. July 20, 2012) (noting that the "identification [of the asylum-seekers] in th[e] suit may [] jeopardize the freedom and physical safety of [their] families, and may cause their families substantial economic harm"). Indeed, in recognition of the highly sensitive, private nature of this information, federal law and policy mandates that information concerning asylum proceedings, including the fact that an individual has applied for asylum, remain confidential.   *See, e.g.*, 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records).

The Department of Homeland Security has acknowledged the importance of these confidentiality regulations to the future safety of asylum applicants:

US2008 16750828 1

> [C]onfidentiality regulations are of utmost importance in protecting asylum applicants because the "regulations safeguard information that, if disclosed publicly, could subject the claimant to retaliatory measures by government authorities or non-state actors in the event that the claimant is repatriated, or endanger the security of claimant's family members who may still be residing in the country of origin."

*Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008) (quoting U.S. Customs & Immigration Servs. Asylum Div., U.S. Dep't of Homeland Sec., *Fact Sheet: Federal Regulations Protecting the Confidentiality of Asylum Applicants* (2005)).

Here, the Doe Petitioners reasonably fear that, if their identities were made public, they would be placing themselves and their families at risk of harassment, violence, and serious adverse immigration consequences.  Each Doe Petitioner fears that if he or she returned to his or her home countries, he or she would face serious violence or even death at the hands of individuals or groups who are persecuting them.  In fact, Jenner Benavides, Sarai Hernandez, Tomas Hernandez, Gerardo Arriaga, Michael Robinson, Karen Lopez, and Peter Owusu have each applied for asylum in the United States to escape serious threats of violence and death in their home countries.  *See*, *e.g.*, Ex. 20, Declaration of Peter Owusu, filed contemporaneously herewith, ¶¶ 4-5 (stating that he was stabbed in his home country before fleeing to the United States and is "seeking asylum, withholding of removal and protection under the Torture Convention due to the persecution [he]

-7-

experienced in [his] home country"); Ex. 14, Declaration of Jenner Benavides ¶¶ 8, 20 (stating that she has applied for relief under Form I-589 because she is "afraid to return to Mexico . .  based on the continuous sexual assault and abuse [she] endured as a child at the hands of a family member [there], as well as on [her fear due to her] status as a . . . transgender [woman]. . . [she] would also like to protect [her] asylum case information from being disclosed to the public."); Ex. 18, Declaration of Michael Robinson, filed contemporaneously herewith, ¶ 18 (stating that he is "seeking Asylum, Withholding of Removal, and protection under the Convention Against Torture, due to persecution [he] experienced as a bisexual man); Ex. 11, Declaration of Sarai Hernandez, filed contemporaneously herewith, ¶ 3 (stating that she and her brother, Tomas Hernandez, came to the United States from Honduras and applied for asylum because they "cannot live safely in Honduras").  In addition, the Doe Petitioners fear that, if their immigration statuses were revealed, they and their families will likely face intimidation, harassment, and potentially violence due to the increasing hostility in Georgia and across the country against immigrants.  *See*, *e.g.*, Anti-Defamation League Center on Extremism, *Mainstreaming Hate: The Anti-Immigrant Movement in the U.S.* (Nov. 2018), https://www.adl.org/media/12249/download.  Finally, some of the Doe Petitioners fear that revealing their identities may place their immigrant family

members at risk for being detained or deported by ICE or experiencing other serious adverse immigration consequences.

Accordingly, due to the "risk of harassment, and even physical danger, if their identities were revealed," the Doe Petitioners' identities should not be revealed in this lawsuit. *See Lozano*, 620 F.3d at 195. Permitting the Doe Petitioners to proceed anonymously is therefore warranted.

**B.    Disclosure of the Doe Petitioners' Identities Would Reveal Highly Sensitive Information Relating to the Doe Petitioners' Physical and Mental Health.**

Courts also allow vulnerable plaintiffs to proceed anonymously to protect their privacy when the litigation involves highly sensitive, personal information. *See, e.g.*, *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (allowing victim of human trafficking to proceed anonymously because the litigation involved "matters of a highly sensitive and personal nature to her").[1] In particular, courts permit plaintiffs to use pseudonyms where, as here, the plaintiffs' physical and mental health conditions are a principal issue in the case.

---

[1] *See also Alexander v. Falk*, No. 2:16-cv-02268-MMD-GWF, 2017 WL 3749573, at *5 (D. Nev. Aug. 30, 2017) (allowing plaintiff-authors to proceed using professional pseudonyms where revealing their identities could cause them "reputational and emotional injury"); *Jane Roes 1-2 v. SFBC Mgmt., LLC*, 77 F. Supp. 3d 990, 993-95 (N.D. Cal. 2015) (allowing exotic dancers to proceed pseudonymously for privacy, safety, and social stigma reasons).

-9-

*See, e.g.*, *Doe v. Colautti*, 592 F.2d 704, 705 (3d Cir. 1979) (anonymity permitted in case involving the plaintiffs' mental health); *Doe v. Sessions*, No. 18-0004, 2018 WL 4637014, at *4-5 (D.D.C. Sept. 27, 2018) (allowing use of pseudonym to protect the plaintiff from disclosing his mental health conditions and Asperger's diagnosis and to prevent further trauma to the plaintiff); *Doe v. Hartford Life & Acc. Ins. Co.,* 237 F.R.D. 545, 550 (D.N.J. 2006) (permitting pseudonymous filing where the plaintiff's mental health was "directly tied to the subject matter of the litigation").   Indeed, the constitutional privacy interest in protecting sensitive personal matters such as medical information is well-established.  *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1269 (9th Cir. 1998) (collecting cases); *see also OPIS Mgmt. Res., LLC v. Sec'y, Fla. Agency for Health Care Admin.*, 713 F.3d 1291, 1294 (11th Cir. 2013) (recognizing the importance of protecting "the confidentiality of . . . individually identifiable health information"); *First Professionals Ins. Co. v. Owen*, 1:12-CV-419-RWS, 2013 WL 12100120, at *6 (N.D. Ga. Nov. 25, 2013) ("[T]rial courts have wide discretion to issue protective orders to safeguard medical information."); *U.S. v. Curran*, No. CR-06-227-PHX-EHC, 2006 WL 1159855, at *5 (D. Ariz. May 2, 2006) (noting that "medical and psychological records are entitled to greater protections than other information . . . due to the stigma attached to mental illness").

Like the foregoing courts have held, here, protection of the Doe Petitioners' identities is necessary to protect their well-established privacy rights. Indeed, Plaintiffs' Complaint details the highly sensitive medical and mental health information regarding Plaintiffs, which Plaintiffs must reveal to show their entitlement to the relief they seek in this action, including the following:

(1)   Petitioner Karen Lopez has a heart condition that has caused her to have a stroke and required the implantation of a pacemaker. Compl. ¶ 11. She also suffers from multiple sclerosis, which causes her severe chronic pain along with problems with her vision, balance, muscle control, and other bodily functions. *Id.*

(2)   Petitioner Sarai Hernandez has suffered from asthma her entire life, which gives her respiratory distress and weakens her immune system. *Id.* ¶ 12. She also has a history of hospitalization from asthma attacks. *Id.* She is the sister, legal guardian, and primary caretaker of Petitioner Tomas Hernandez. *Id.*

(3)   Petitioner Tomas Hernandez suffers from asthma and ADHD, and has a history of seizures. *Id.* ¶ 20. Due to his intellectual disability, deafness in one ear, and speech impediment, he has difficulties communicating clearly and is under the guardianship of his sister, Petitioner Sarai Hernandez. *Id.*

(4)   Petitioner Jenner Benavides is a transgender woman who is HIV positive and suffers from bipolar disorder and severe depression and anxiety. *Id.* ¶ 15.

(5)   Petitioner David Fernandez suffers from diabetes requiring daily insulin injections and has a history of tuberculosis. *Id.* ¶ 16.

(6)   Petitioner Gerardo Arriaga suffers from Lupus, an autoimmune disease that causes him to be immunocompromised and causes

inflammation and damage to his joints, skin, kidneys, blood, heart, and lungs. *Id.* ¶ 17.

(7)     Petitioner Michael Robinson suffers from hypertension, asthma, cardiac murmur, high blood pressure, and benign prostatic hyperplasia. *Id.* ¶ 19.

(8)     Petitioner Peter Owusu has difficulty breathing due to a stab wound he suffered prior to fleeing from Ghana. *Id.* ¶ 21. The wound he sustained also led to other complications, including improperly healed stitches, ongoing stomach pain, digestion issues, dizziness, headaches, and heart issues. *Id.*

In particular, due to the extremely sensitive nature of Petitioner Jenner Benavides's HIV status and mental health conditions – and the "harassment and violence that [she] ha[s] experienced related to [those conditions]"—she is reasonably "afraid of being embarrassed or harmed if [her personal health] information is made public." *See* Ex. 14 ¶ 20.

Accordingly, due to the "matters of a highly sensitive and personal nature" revealed in this lawsuit regarding each of the Doe Petitioners, protection of the Doe Defendants' identities is warranted. *See Penzato*, 2011 WL 1833007, at *3.

## C.     Permitting the Doe Petitioners to Proceed Anonymously Will Not Harm the Public Interest in Open Proceedings.

In contrast to Plaintiffs' heightened interest in confidentiality, the public's interest in knowing the identities of the Plaintiffs is minimal. Under Eleventh Circuit precedent, where, like here, the case involves the resolution of a

-12-

constitutional issue that will be decided in an open and public forum, the plaintiffs'

identification "does not obstruct the public's view of the issues joined or the

court's performance in resolving them." *Stegall*, 653 F.2d at 185; *see also Plaintiff*

*B v. Francis*, 631 F.3d 1310, 1320 (11th Cir. 2011) (Moody, J., concurring) ("The

media gives no specific reason why the use of real names is essential to a fair

and open trial in this cause.").  As this District explained in permitting a plaintiff to

proceed anonymously:

> Plaintiff seeks only to keep his name private. The resolution of the
> underlying constitutional issue in this case, . . . will be decided in an
> open and public forum. Should this case progress to trial, the public
> will be free to attend the proceedings. Any court orders or opinions
> concerning the merits of this case will be available for public
> inspection.  In the end, the only thing potentially being shielded from
> the public is plaintiff's name and any court proceedings or opinions
> that might be necessary to determine standing.

*Barrow County*, 219 F.R.D. at 193.

Accordingly, as the other courts in this Circuit have held under similar

circumstances, here, the public interest in open court proceedings would not be

harmed by permitting Plaintiffs to proceed under pseudonyms.

**D.    Permitting the Doe Petitioners to Proceed Anonymously Would Not Prejudice Defendants.**

Finally, Defendants will suffer no prejudice if the Court permits the Doe Petitioners to proceed anonymously, as this case is against the government and involves strictly legal issues.

First, the government will not be prejudiced by the Doe Petitioners proceeding anonymously because a lawsuit "challenging the constitutional, statutory or regulatory validity of government activity . . . involve[s] no injury to the Government's 'reputation.'" *S. Methodist Univ. Ass 'n of Women Law Students*, 599 F.2d at 713; *see also Stegall*, 653 F.2d at 185-86 (one factor weighing in favor of anonymity is that the parties seeking anonymity are challenging governmental activity); *Int'l Refugee Assistance Project v. Trump*, CV TDC-17-0361, 2017 WL 818255, at *3 (D. Md. Mar. 1, 2017) ("Courts are more likely to permit plaintiffs to proceed under a pseudonym when they are pursuing a claim against the government rather than a private individual. The rationale for this convention is that although the mere filing of a lawsuit against a private party may cause the defendant reputational and economic harm, such that fairness requires the identification of the plaintiffs, the government is not vulnerable to similar reputational harm, particularly in a case involving a challenge to the constitutional, statutory, or regulatory validity of government activity.")   Second, the government

-14-

will not be prejudiced by the Doe Petitioners' anonymity because this case involves strictly legal issues and does not turn on questions of the Doe Petitioners' background or credibility.  As this District has explained:

> [T]he inconvenience to defendants should be relatively low. This is not a case that will be determined by plaintiff's credibility or recitation of facts. Rather, as long as plaintiff has standing to sue, this case will depend on the resolution of a legal question . . . The relevant facts . . . will likely come from witnesses other than the plaintiff. The legal issues, while possibly the subject of expert testimony, will be determined by the arguments of counsel. At the end of the day, plaintiff plays a relatively minor role in this litigation, and the constitutionality of the [government activity at issue] will be determined in proceedings open and accessible to all. In light of the response these issues have generated from some in the community, the court feels it appropriate to allow plaintiff to proceed under a pseudonym.

*See Barrow County*, 219 F.R.D. at 194.

As the foregoing courts have held, here, the government would not be prejudiced by the Doe Petitioners being permitted to proceed under pseudonyms.

### III.   CONCLUSION

Each Doe Petitioner would be at risk of great harm if his or her identities were revealed.  In contrast, permitting the Doe Petitioners to proceed anonymously would not materially harm the public interest in open court proceedings or cause any prejudice to Defendants. Therefore, the Doe Petitioners respectfully request that the Court permit them to proceed in this action under pseudonyms and that the

-15-

Court enter a protective order requiring Respondents/Defendants to maintain the confidentiality of the Doe Petitioners' identities through the use of pseudonyms in all filings.

Dated:  April 3, 2020                               Respectfully submitted,

SOUTHERN POVERTY LAW CENTER                ASIAN AMERICANS ADVANCING JUSTICE-
                                           ATLANTA

By: /s/ Gracie Willis                      By:  /s/ Hillary Li
Gracie Willis (GA Bar #851021)             Hillary Li (GA Bar #898375)
Rebecca Cassler (GA Bar #487886)           Phi Nguyen (Ga Bar #578019)
Lorilei Williams*                          5680 Oakbrook Pkwy, Ste. 148
150 E. Ponce de Leon Ave., Ste. 340        Norcross, GA 30093
Decatur, GA 30030                          *Tel:* (404) 585-8466
*Tel:* (404) 521-6700                      *Fax:* (404) 890-5690
*Fax:* (404) 221-5857                      hli@advancingjustice-atlanta.org
gracie.willis@splcenter.org                pnguyen@advancingjustice-atlanta.org
rebecca.cassler@splcenter.org

Paul Chavez*                               KILPATRICK TOWNSEND & STOCKTON
Victoria Mesa-Estrada*                     LLP
2 S. Biscayne Blvd., Ste. 3200
Miami, FL 33101                            By:  /s/ Tamara Serwer Caldas
*Tel:* (786) 347-2056                      Tamara Serwer Caldas (GA Bar #617053)
paul.chavez@splcenter.org                  Kathryn E. Isted (GA Bar #908030)
victoria.mesa@splcenter.org                Amanda Brouillette (GA Bar #880528)
                                           1100 Peachtree St., NE, Ste. 2800
Melissa Crow*                              Atlanta, GA 30309
1101 17th Street, NW, Ste. 705             *Tel:* (404) 815-6006
Washington, DC 20036                       *Fax:* (404) 541-4754
*Tel:* (202) 355-4471                      tcaldas@kilpatricktownsend.com
*Fax:* (404) 221-5857                      kisted@kilpatricktownsend.com
melissa.crow@splcenter.org                 abrouillette@kilpatricktownsend.com

*pro hac vice motions forthcoming

-16-

## <u>LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing pleading filed with the Clerk of Court has

been prepared in 14 point Times New Roman font in accordance with Local Rule

5.1.

By: <u>/s/ Hillary Li</u>
Hillary Li (GA Bar #898375)

Attorney for Petitioners/Plaintiffs

-17-

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2020, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF Systems. Given the emergency nature of this action, and the fact that no appearances have yet been entered by Defendants in this case, I further certify that on April 3, 2020, I emailed copies of the pleadings to Lori Beranek of the United States Attorneys' Office for the Northern District of Georgia, at lori.beranek@usdoj.gov.


*/s/ Amanda N. Brouillette*
Amanda N. Brouillette

-18-